CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

4/15/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:25-cr-00017 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHNNY LORRAIN DISHMAN, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Defendant Johnny Dishman has filed a motion *in limine* asking the court to bar the government from introducing certified copies of prior judgments at the sentencing phase of his trial. (ECF No. 68.) In doing so, Dishman argues that these judgments constitute hearsay and are not otherwise admissible under Fed. R. Evid. 803(22), the hearsay exception for prior judgments of felony convictions. Because the prior judgments at issue are plainly admissible under this hearsay exception, the court will deny the motion.

## I.   RELEVANT FACTS

In July 2025, a grand jury returned a superseding indictment charging Dishman with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* ECF No. 34.) The government further alleged that, at the time Dishman allegedly committed these firearms offenses, he had at least three prior convictions for a serious drug offense—to wit:

1. A November 6, 1990 conviction, in the United States District Court for the Western District of Virginia, for felony conspiracy to distribute cocaine;

2. A May 10, 2019 conviction, in the Circuit Court of Wise County and the City of Norton, Virginia, for felony distribution of a Schedule I/II controlled substance, with an offense date of March 19, 2018; and

3. A May 10, 2019 conviction, in the Circuit Court of Wise County and the City of Norton, Virginia, for felony distribution of a Schedule I/II controlled substance, with an offense date of July 19, 2018.

(*See id.*) The government, in other words, alleges that Dishman's three prior drug-trafficking convictions trigger the Armed Career Criminal Act, which prescribes a 15-year mandatory minimum sentence for a § 922(g)(1) conviction if the defendant "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1).

Prior to trial, Dishman moved to bifurcate his trial into separate guilt and penalty phases. He did so based on *Erlinger v. United States*, a 2024 Supreme Court decision that established the right of an alleged armed career criminal, like Dishman, to have a jury determine the factual question attendant to otherwise qualifying convictions—namely, whether they were committed on different occasions from one another.[1] 602 U.S. 821, 834–35 (2024). The government did not oppose bifurcation, and the court granted the motion. (Order, Mar. 27, 2026 [ECF No. 71].)

In advance of this trial, the government obtained and provided—to Dishman and the court—certified judgments purportedly memorializing Dishman's three prior drug-trafficking convictions. The government seeks to introduce these judgments under Fed. R. Evid. 803(22) during the sentencing phase to help prove that these convictions were, in fact, committed by

---

[1] *Erlinger* did not alter the court's longstanding role of determining, as a matter of law, whether the convictions at issue constitute serious drug offenses under 18 U.S.C. § 924(e)(1). As will be explained at the sentencing phase of this bifurcated trial, if the government prevails in the first phase, all three of Defendant's prior drug convictions unquestionably do.

Dishman on three separate occasions. Dishman, in turn, filed the instant motion *in limine* seeking to prevent the government from introducing these convictions for that purpose.

## II.    DISCUSSION

### A.  Legal Standard

It is axiomatic that all relevant evidence is admissible at trial "unless there are constitutional, statutory, or rule-based exceptions preventing its admission." *United States v. Seko*, No. 1:15cr301, 2017 U.S. Dist. LEXIS 54578, at *2 (E.D. Va. Apr. 10, 2017) (citing Fed. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

One rule-based exception to the admissibility of otherwise relevant evidence is the rule prohibiting hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Relevant hearsay is generally inadmissible unless it falls under one of the numerous exceptions authorizing its use. "[T]he rule against hearsay is fundamentally designed to ensure that only reliable evidence goes in front of the jury; the exceptions to the rule permit the introduction of evidence the reliability of which can be assured through some other means." *Djangmah v. Falcione*, No. 08 Civ. 4027, 2013 U.S. Dist. LEXIS 172324, at *12 (S.D.N.Y. Dec. 5, 2013).

Among the many well-stablished hearsay exceptions is Rule 803(22), which allows for the admission of certain judgments of prior conviction. Under this rule, "[e]vidence of a final judgment of conviction" is admissible if:

(A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;
(B) the conviction was for a crime punishable by death or imprisonment for more than one year;
(C) the evidence is admitted to prove any fact essential to the judgment; and
(D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Fed. R. Evid. 803(22).

## B. Analysis

The parties agree that Dishman's three prior drug-trafficking convictions are relevant to the ultimate fact of consequence at the sentencing phase of his trial—specifically, whether Dishman is an armed career criminal under 18 U.S.C. § 924(e)(1). That is, the fact that an individual by the name Johnny Dishman was previously convicted of three drug-trafficking offenses makes it more likely, or probable, that this Defendant, who goes by the same name, is an armed career criminal.[2]

But while Dishman concedes that these prior convictions are relevant, he argues that the certified judgments reflecting those convictions constitute hearsay and are not otherwise admissible under the Rule 803(22) hearsay exception. In making this argument, Dishman

---

[2] Of course, this is true only if the Johnny Dishman on trial is the same Johnny Dishman referenced in the prior certified convictions. The court assumes as much for purposes of ruling on the motion, but this does not relieve the government of its burden of proving that nexus beyond a reasonable doubt through other admissible evidence (e.g., certified pen-packets, fingerprint comparison, and/or shared personal identifiers, etc.) during the sentencing phase of trial.

focuses on the third prong of this exception,[3] contending that the government does not seek to admit them "to prove any fact essential to the judgment." *See* Fed. R. Evid. 803(22)(C). According to Dishman, the government offers these judgments solely for the purpose of establishing the fact that the three prior offenses occurred on different occasions. Dishman argues that this fact was not essential to any of these prior judgments, individually, and thus, that the judgments themselves are therefore inadmissible under Rule 803(22).

As the government notes in its opposition brief, this argument misses the mark at the threshold because it relies on an overly narrow view of the government's burden during the sentencing phase. To ultimately prove that Dishman committed three qualifying offenses on separate occasions, the government must first establish that Dishman, in fact, committed each of those prior offenses. A fact essential to each of the certified judgments offered by the government for this threshold purpose is that an individual named "Johnny Dishman" was convicted of those crimes. *See* Fed. R. Evid. 803(22)(C).

In any event, the certified judgments are also admissible under Rule 803(22) to help prove that the defendant committed three serious drug offenses on separate occasions. This is because the offense date listed on each of those prior judgments is unquestionably essential to each judgment, insofar as it ensures that Johnny Dishman would not be "subject for the same offence to be twice put in jeopardy . . . ." U.S. Const. amend V. As the Fourth Circuit has recognized:

> Time is essential, as where it constitutes an element of the crime; or where accused having been tried for another and similar offense within the period of limitations, proof of the exact date is necessary to show that he is not being again tried for the same

---

[3] There is no dispute that the other three elements of Fed. R. Evid. 803(22) are satisfied.

offense; or, where two offenses have been committed, to enable accused to plead the judgment in the present prosecution in the event of a second prosecution; or where the date is necessary to enable the court to impose the proper sentence.

*United States v. Covington*, 411 F.2d 1087, 1088–89 (4th Cir. 1969) (cleaned up).  Thus, the date of each offense, as set forth on the face of these judgments, is essential to those judgments because it affords this vital constitutional protection.[4]

### III.   CONCLUSION

For these reasons, the certified judgments offered by the government satisfy the requirements of Fed. R. Evid. 803(22) and will be admitted at the sentencing phase of trial.[5]

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 15th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[4] And those dates, in turn, are certainly relevant to the jury's factual determination of whether these otherwise qualifying offenses were committed on occasions different from one another.

[5] Insofar as these prior judgments are certified copies of public records, they are self-authenticating and thus may be admitted without foundational testimony or additional evidence establishing that they are what they purport to be. *See* Fed. R. Evid. 902(4).